IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBEN SIZEMORE,

    Plaintiff,

  v.

PACIFIC GAS & ELECTRIC RETIREMENT PLAN and EMPLOYEE BENEFIT COMMITTEE OF THE PACIFIC GAS & ELECTRIC RETIREMENT PLAN,

    Defendants.

No. C 13-00169 WHA

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

Plaintiff filed an ERISA action seeking clarification of whether his pension plan accrued time during a six-year period. Defendants moved to dismiss because grievance procedures under the Labor Management Relations Act allegedly supersedes plaintiff's ERISA action. For the foregoing reasons, defendants' motion is **DENIED**.

## STATEMENT

Plaintiff Ruben Sizemore began working in a Pacific Gas & Electric power plant starting in early January 1983 (Compl. ¶ 8). He initially worked as a contract employee. He was laid off for two short periods in mid-1987 and early 1989 but has been rehired and continues to work there (*ibid.*). In 1993, the Engineers and Scientists of California, MEBA (AFL-CIO) union filed a grievance with PG&E contending that long-term contract workers were actually employees

(*id.* ¶ 9). The grievance resulted in Letter Agreement 93-94, which reclassified plaintiff as an "employee" (*id.* ¶¶ 9–11). The Letter Agreement listed plaintiff's employee start date as May 15, 1989 (*id.* ¶ 11). Under the heading, "Wages, Benefits, Service, and Status," the Letter Agreement expressly calculated employment start dates as the "latest date of hire as an agency employee continuously performing work" at the plant (Dkt. No. 10-1 at 3). This calculation applied to "[s]ervice and status as defined in Sections 13.3 and 13.5" (*ibid.*). Presumably, those sections refer to a collective bargaining agreement.

Later in 2006, the union filed a grievance on plaintiff's behalf regarding his employee start date set in the Letter Agreement (Compl. ¶¶ 29–30). No agreement was reached, and the union withdrew the grievance (*id.* ¶ 30). Plaintiff also filed a grievance under the pension plan's grievance procedures in 2010 (*id.* ¶¶ 31–37).

Plaintiff filed this action in January 2013 to clarify his right to future benefits under PG&E's pension plan pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) (Compl. 7). Plaintiff alleges that he has accrued time on his pension beginning in early 1983 through 1988, that is, the time period before his start date as determined in the 1993 proceeding (*id.* ¶ 38). He contends he was a common law employee of PG&E during this period and because the pension plan provides for a separate treatment of his layoff periods (*id.* ¶¶ 12, 14).

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a cognizable legal theory because plaintiff's ERISA claim is superseded by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 185 (Br. 2).

**JUDICIAL NOTICE**

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under the incorporation by reference doctrine, a document not appended to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff and

2

defendants both make requests for judicial notice. No party objects to these requests for judicial notice.

Plaintiff requests judicial notice of two Pacific Gas & Electric Company Retirement Plans (Dkt. Nos. 16-1, 16-2). The first Plan was effective January 1, 1983, and the second was effective January 1, 1984 (*ibid.*). These documents are referenced in the complaint (Compl. ¶¶ 12, 13, 27). Judicial notice of the pension plans is therefore **GRANTED**.

Defendants request judicial notice of three documents: (1) the Letter Agreement 93-94; (2) the October 2006 grievance documents filed by plaintiff's union; and (3) the collective bargaining agreement between plaintiff's union and PG&E (Dkt. Nos. 10-1, 10-2, 11). The Letter Agreement and the grievance documents are referenced in plaintiff's complaint (Compl. ¶¶ 11, 29–30). Judicial notice of the Letter Agreement and the October 2006 grievance documents is therefore **GRANTED**.

Plaintiff's complaint does not refer to the collective bargaining agreement. Defendants assert that judicial notice of the collective bargaining is appropriate because plaintiff's claim requires interpretation of the collective bargaining agreement (Dkt. No. 10-2). Our court of appeals has expanded the doctrine of incorporation by reference to include "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Plaintiff disputes that his claim relies on the collective bargaining agreement (Opp. 9). Because, as explained below, this order finds that plaintiff's claim does not rely on the collective bargaining agreement, judicial notice of the collective bargaining agreement is **DENIED**.

## ANALYSIS

Plaintiff's action is anchored in Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B) (Compl. ¶ 1). This section permits civil actions brought "by a participant or beneficiary . . . to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a)(1)(B). Plaintiff is trying to find out his rights to pension benefits to decide whether to retire or not.

Defendants contend that ERISA is superseded by the LMRA. The LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court." 29 U.S.C. 185. Defendants contend the LMRA supersedes plaintiff's ERISA claim because his claim is either a claim for breach of the collective bargaining agreement or a claim that requires interpretation of the collective bargaining agreement (Br. 15). If the LMRA supersedes plaintiff's ERISA claim, then the action herein should be dismissed because plaintiff failed to exhaust his administrative remedies and the statute of limitations period to do so has passed (*id.* at 15–16). None of defendants' contentions is persuasive.

### 1. THE LMRA DOES NOT SUPERSEDE ERISA GENERALLY.

Defendants contend that the LMRA "preempts" ERISA. This order uses the term "supersede" rather than "preemption." This distinction is needed because "[t]he preemption doctrine per se does not govern questions relating to the compatibility of two or more federal laws." *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999). There is no law supporting the contention that the LMRA "preempts" ERISA. Moreover, the LMRA was passed long before ERISA, and it would be hard to see how a more recent enactment could be "preempted" by anything earlier. The proper question is whether the two federal statutes conflict such that one must give way to the other.

Defendants cite several authorities that the LMRA preempts state-law claims, but, again, this action has nothing to do with state law, so those authorities are beside the point (Br. 4–5).

Next, defendants rely on several pronouncements from the Supreme Court for the argument that labor law policy considerations support the assertion that the LMRA supersedes ERISA (Br. 11, 13). Two policies allegedly support this assertion: Grievance procedures are important to settle labor disputes and the expertise of arbitrators surpasses that of the courts (*ibid.*). Neither of these policies supports the proposition that ERISA is superseded. The policy pronouncements that grievance procedures are important in the bargaining process were made in the context of enforcing arbitration clauses in collective bargaining agreements. Defendants have not moved to enforce an arbitration clause. In any event, plaintiff *has* followed the

4

grievance procedure under the pension plan. As for the expertise of arbitrators in labor law, "[t]he resolution of statutory issues is a primary responsibility of courts, not arbitrators." *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 750 (9th Cir. 1984). Plaintiff's claim is under ERISA and requires interpretation of ERISA.

Defendants also cite several out-of-circuit decisions wherein federal statutes other than ERISA have been deemed superseded by the LMRA. These decisions focus on federal statutes other than ERISA. They are inapposite.

Next, defendants cite several decisions where courts found that the National Labor Relations Act superseded an ERISA claim, including a decision from our court of appeals (Br. 12) (citing *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., Inc.*, 779 F.2d 497 (9th Cir. 1985), *aff'd*, 484 U.S. 539 (1988)). Because plaintiff's ERISA claim does not come under the jurisdiction of the National Labor Relations Act, these decisions are likewise unpersuasive.

### 2. ERISA AND INTERPRETATION OF COLLECTIVE BARGAINING AGREEMENTS.

Next, defendants contend that this action requires interpretation of the collective bargaining agreement, and, thus, the LMRA supersedes plaintiff's ERISA claim (Br. 13–16). This contention is not persuasive because plaintiff's claim does not require an interpretation of the collective bargaining agreement, and even if it did so, the LMRA does not supersede the ERISA claim. It is not necessary to review the contents of the collective bargaining agreement to reach these conclusions.

"[F]ederal courts may decide labor law questions that emerge as collateral issues in suits brought under independent federal remedies." *Connell Constr. Co. v. Plumbers & Steamfitters*, 421 U.S. 616, 626 (1975). Both ERISA and the LMRA govern collective bargaining agreements. *Nw. Adm'rs, Inc. v. B.V. & B.R., Inc.*, 813 F.2d 223, 226 (9th Cir. 1987). Finally, our court of appeals has interpreted collective bargaining agreements in the context of an ERISA claim. *See, e.g.*, *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 813 F.2d 253, 255 (9th Cir. 1996).

5

Even under state-law preemption by the LMRA, state-law claims that only require a mere *reference* to a collective bargaining agreement are not preempted. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). "[I]n the context of [the LMRA's] complete preemption, the term 'interpret' is defined narrowly — it means something more than 'consider,' 'refer to,' or 'apply.'" *Ibid.*

Plaintiff's claims as pleaded do not require examination of the collective bargaining agreement and solely rely on the terms of the pension plan and a colorable theory that he was a common law employee. Even if plaintiff's claim requires reference to the collective bargaining agreement, the LMRA would still not supersede his ERISA claim. Plaintiff's claim is not subject to dismissal for failure to state a cognizable legal theory.

### 3. BREACH OF COLLECTIVE BARGAINING AGREEMENT.

This action is brought to determine rights under the pension plan, not to determine rights under a collective bargaining agreement. In this action, plaintiff filed suit against the pension plan and not his employer or his union. Plaintiff makes no allegations that either his employer or his union breached the collective bargaining agreement. Furthermore, plaintiff asserts that his claim does not arise out of the collective bargaining agreement at all (Opp. 14). At the hearing on the instant motion, defendants cited several paragraphs in plaintiff's complaint that they contend reference the collective bargaining agreement. These sections refer to the Letter Agreement or to the grievance brought by the union. They do not refer to the collective bargaining agreement directly and appear to have been included for background information only. Thus, this order finds that plaintiff's claim is not a disguised claim for breach of the collective bargaining agreement. Instead, it seeks a declaration of rights as to the pension plan.

### 4. THE LMRA DOES NOT SUPERSEDE PLAINTIFF'S ERISA CLAIM.

Defendants also contend that the LMRA supersedes plaintiff's ERISA claim "in particular." Defendants only cite one unpublished, out-of-circuit authority where the LMRA superseded an ERISA claim (Br. 12) (citing *Cameron v. Idearc Media Corp.*, No. 08-12010-LTS 2011 WL 4054864 *8 (D. Mass. 2011) (Magistrate Judge Leo Sorokin), *aff'd*, 685 F.3d 44

6

(1st Cir. 2012)). This decision is distinguishable and does not support defendants' argument that the LMRA supersedes plaintiff's ERISA claim.

In *Cameron*, plaintiffs filed suit against their employers for age discrimination under the LMRA. *Id.* at *8, *9, *11. These claims were all dismissed. *Ibid.* Plaintiffs next filed their claims under ERISA and under the Age Discrimination in Employment Act. *Ibid.* The ERISA claims arose out of alleged age discrimination and alleged retaliatory terminations. *Id.* at *9. On a motion for summary judgment, the court found that the ERISA claims depended on evidence from the collective bargaining agreement, required an interpretation of the collective bargaining agreement, and were recast versions of the dismissed LMRA claims. *Id.* at *9–11. The court cited a decision from the Third Circuit that held a federal wage claim was superseded by the LMRA because the claim required an interpretation of a collective bargaining agreement. The court held that plaintiffs' claims should be dismissed. In affirming the decision, the First Circuit explicitly did not reach the argument that the LMRA superseded the ERISA claims. *Cameron*, 685 F.3d at 48.

Although *Cameron* involved the LMRA superseding an ERISA claim, its facts are not close enough to plaintiff's ERISA claim to support the proposition that the LMRA supersedes the particular claim herein. In *Cameron*, the collective bargaining agreement provided proof for the ERISA claims. Here, based on the pleadings, the collective bargaining agreement does not provide proof of plaintiff's ERISA claim. In *Cameron*, plaintiffs filed suit against their employer, while the action here is against the pension plan. Because the LMRA covers suits for violation of contracts between employers and unions, the action in *Cameron* was more squarely under the LMRA.

Finally, the ERISA claim in *Cameron* was under Section 510, while plaintiff's claim herein is under Section 502. Section 510 prohibits interference with an employee's right to pension plan benefits and generally applies to employers. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142–43 (1990). Section 502 provides that participants may file a civil action to clarify rights under a plan. 29 U.S.C. 1132(a)(1)(B). Because plaintiff's complaint makes no allegations that his employer or anyone interfered with his rights, the decision in *Cameron* is

inapposite. Thus, *Cameron* is not persuasive that the LMRA supersedes plaintiff's ERISA claim.

Accordingly, none of defendants' authorities support the proposition that plaintiff's ERISA claim is superseded.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED.** The answer is due by **APRIL 4, 2013**.

**IT IS SO ORDERED.**

Dated: March 25, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8